## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMIE GHOLSON and MRS. )
GHOLSON, Inmate #07352-424, )
                                        )
            **Plaintiff,** )
                                          )
vs. )
                                          )
UNITED STATES OF AMERICA, )
BUREAU OF PRISONS, IMMIGRATION )
AND NATURALIZATION SERVICE, )     **CIVIL NO. 04-838-JPG**
CARL CASTLINE, CHARLES FELTS, )
WARDEN STEPP, A.W. RAU, A.W. )
B E R K L E L I B L E ,   T H O M A S , )
HERSHBERGER, CAPTAIN HUDSON, )
PITTMANTAIL, JOHNSON, FINNEY, )
KRIST, ETHERTON, SHADOWESS, )
LIEUTENANT LOCKRIGE, BAAKE, )
DOCTOR LYLE, UNKNOWN PARTIES, )
                                          )
            **Defendants.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

       Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

       To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. Because the Plaintiff has divided his complaint into ten legal claims, the Court will

use these designations as the counts of the complaint in its analysis of the case.  The parties and the

Court will use these designations in all future pleadings and orders, unless otherwise directed by a

judicial officer of this Court.  The designation of these counts does not constitute an opinion as to

their merit.

**COUNT 1:**   Against Defendants United States of America, the Bureau of Prisons ("BOP"), the Immigration and Naturalization Service ("INS"), Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess, and unknown defendants for improper retaliation.

**COUNT 2:**   Against Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess, and unknown defendants for deliberate indifference to his serious medical needs.

**COUNT 3:**   Against Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess, and unknown defendants for violations of the Fourth Amendment during body cavity searches.

**COUNT 4:**   Against Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess, and unknown defendants for Fifth Amendment Due Process violations in being transferred between federal facilities.

**COUNT 5:**   Against Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Finney, Johnson, Pittmantail, Krist, Etherton, Shadowess, and unknown defendants for violating Plaintiff's First Amendment rights of access to courts and freedom of religion.

**COUNT 6:**   Against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680.

**COUNT 7:**   By Plaintiff Mrs. Gholson against Defendants United States of America, BOP, INS, Castline, Felts, Stepp, Thomas, Hershberger, Rau, Berklelible, Pittmantail, Johnson, Finney, Hudson, Krist, Etherton, Shadowess, and unknown defendants for Equal Protection violations.

**COUNT 8:**   By Plaintiff Mrs. Gholson against Defendants United States of America, BOP, INS, Castline, Felts, Stepp, Thomas, Hershberger, Rau, Berklelible, Pittmantail, Johnson, Finney, Hudson, Krist, Etherton, Shadowess, and unknown defendants for Fourth Amendment violations.

**COUNT 9:**   By Plaintiff Mrs. Gholson against Defendants United States of America, BOP, INS, Castline, Felts, Stepp, Thomas, Hershberger, Rau, Berklelible, Pittmantail, Johnson, Finney, Hudson, Krist, Etherton, Shadowess, and unknown defendants for Fifth Amendment violations under the takings clause.

**COUNT 10:**   By Plaintiff Mrs. Gholson against Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

## FACTUAL BACKGROUND

It is difficult to tell the exact factual allegations underlying the complaint because Plaintiff has stated the facts of his case in "legal" terms, that is, he does not provide a brief statement of facts as directed to on the Court's form, however, from the 30-page complaint, the Court has gleaned the

-3-

following.  Plaintiff, Jimmie Gholson, an inmate in the custody of the Bureau of Prisons, was housed in  the United States Penitentiary in Pollock, Louisiana.  On June 6, 2003, Plaintiff was disciplined, without a hearing, by being put into administrative segregation for discussing with another inmate a memorandum issued from the Bureau of Prisons regarding a gang-related incident.  Plaintiff received no incident report for the violation.  On June 26, 2003, Plaintiff was transferred to an INS facility in Oakdale, Louisiana, on a "309 disciplinary status transfer."  Shortly thereafter, Plaintiff was transferred to the United States Penitentiary in Marion, Illinois, where he is presently incarcerated.  Plaintiff states that he received no process regarding these transfers, that is, he was not given any notice of the transfer and was not afforded a disciplinary hearing.  During the period Plaintiff was in administrative segregation, Defendants denied him medical treatment, access to courts, and prevented him from practicing his religion by interfering with his mail.  Upon arrival at Marion, Plaintiff was discriminated against by being denied access to the "ECODE" program.

Plaintiff states that his mother, Mrs. Gholson, was informed that he was being transferred to an INS facility.  As a result of her belief that her son was being deported, Mrs. Gholson suffered a heart attack, resulting in a three-week coma.

## COUNT 1

Plaintiff argues that Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess and unknown defendants violated his right to equal protection of the laws by retaliating against him for discussing a Bureau of Prisons memorandum.  Plaintiff states specifically that Defendants Pittmantail, Johnson, and Finney made the "false" accusations against him. Although it is difficult to tell, the Court believes that Plaintiff states that the other defendants, when

they became aware of the retaliation, should have taken "timely actions to correct further injury of discriminations" because they had a "duty of care." Plaintiff cites a number of criminal statues that these defendants presumably violated, although it is not entirely clear to the Court why Plaintiff would invoke federal criminal statutes in this civil action. Criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Plaintiff also cites a number of Bureau of Prisons regulations that Defendants purportedly violated.

Although Plaintiff states that he brings this Count under the equal protection clause, based on the factual and legal allegations as interpreted by the Court, the Court believes that Plaintiff here is attempting to state a retaliation claim that he was disciplined for discussing the BOP memorandum. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (*citing Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (same). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the

defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on these legal standards and Plaintiff's factual allegations, Plaintiff will be allowed to proceed on the retaliation claim.

However, a word about defendants is in order. Plaintiff names only Defendants Pittmantail, Johnson, and Finney as being personally responsible for the retaliatory charges against him. To state a civil rights claim under *Bivens*, a Plaintiff must allege violation of a constitutional right by a "person" acting under color of federal law. The United States is immune from suit under the doctrine of sovereign immunity. *See generally United States v. Rural Electric Convenience Co-op. Co.*, 922 F.2d 429 (7th Cir. 1991). Federal agencies are not suable under *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). Accordingly, the United States, BOP, and INS must be **DISMISSED** from this Count. Furthermore, the doctrine of respondeat superior does not apply to *Bivens* actions. *See Risley v. Hawk*, 108 F.3d. 1396 (D.C. Cir. 1997). As such, Plaintiff, in this Count has stated a claim pursuant to *Bivens* against only Defendants Pittmantail, Johnson, and Finney, the individuals Plaintiff states are personally responsible for retaliating against him. Plaintiff is allowed to proceed in this Count against only these three defendants.[1]

## COUNT 2

---

[1] In every count of the complaint, Plaintiff states that the named defendants all had a "duty of care" to stop violations of his civil rights and he seems to believe this should be the basis of liability on each of their parts. This might suffice if Plaintiff were bringing tort or another type of civil claim. However there is no "duty of care" in the constitutional context. In a *Bivens* action, a defendant, to be liable, must have been personally responsible for violating a plaintiff's constitutional rights. For this reason, the Court dismisses all defendants for whom the Plaintiff has not shown the necessary personal responsibility for a constitutional deprivation, as discussed within the context of each individual count of the complaint. Where Plaintiff has not stated a claim because his allegations lacked specificity as to responsible parties, those claims have been dismissed without prejudice.

Plaintiff claims that during the approximately three week period that he was housed in segregation at USP-Pollack, he was denied medical treatment for his cardiovascular problems, high blood pressure, and head injuries caused by a gunshot wound.  Left untreated, he experienced chronic head and chest pain, fear of death, anxiety, lack of sleep, mental anguish and emotional distress, stress, threat of death, pain and suffering, discrimination, retaliation, humiliation, impaired vision, sweating, dizziness, numbness in his left arm and fingers, and restricted movement in his limbs.  On the pages of the complaint dealing with Count 2 (pp. 16-17), Plaintiff does not name any individuals responsible for denying him medical treatment at USP-Pollock.  On the penultimate page of the complaint, however, Plaintiff states Defendants Lockrige, Baake, and Lyle, failed to give him proper medical treatment at USP-Marion.  He states that Defendant Lockrige was responsible for performing an injury assessment, but did not do so, and that Defendant Baake, Health Care Administrator at USP-Marion, and Defendant Lyle, physician at USP-Marion, refused to give him his arthritis medications or special shoes for his gout.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act

or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*,

82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff's statement that he was denied medical treatment for three weeks might be sufficient to state a claim based on the legal standards noted above.  However, Plaintiff has not stated the names of any defendants personally responsible for depriving him of medical treatment at USP-Pollock.  As stated in Count 1, the United States is immune from suit and must be dismissed from this Count.  The BOP and INS are not suable under *Bivens* and also must be dismissed.  By Plaintiff's own admission Defendants Hershberger, Stepp, Rau, Berklelible, Hudson, Krist, Etherton, and Shadowess are employed at USP-Marion.  The Court finds that none of those defendants could be responsible for deliberate indifference to Plaintiff's serious medical needs at USP-Pollock.  Accordingly,  Hershberger, Stepp, Rau, Berklelible, Hudson, Krist, Etherton, and Shadowess are dismissed from the action.  Finally, Plaintiff has alleged neither that the remaining defendants actually deprived him of medical treatment, nor that any of them possessed the requisite culpable state of mind.  Accordingly, Plaintiff has failed to state a claim of denial of medical treatment at USP-Pollock against any named defendants in the action.  This portion of Count 2 is **DISMISSED** without prejudice.

However, Plaintiff did name defendants responsible for denying him medical treatment at USP-Marion.  Accordingly, Plaintiff is allowed to proceed against Defendants Lockrige, Baake, and

Lyle on Count 2 of the complaint regarding his denial of medical treatment at USP-Marion only.

<h2 style="text-align:center">COUNT 3</h2>

Plaintiff claims that Defendants United States of America, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Pittmantail, Johnson, Finney, Krist, Etherton, Shadowess, and unnamed defendants subjected him to strip searches during his transfer from USP-Pollock to the INS facility and later to USP-Marion.  Plaintiff states that the searches were unjustifiable because they were done in retaliation for Plaintiff's discussion of the BOP memorandum.

Prisoners retain a limited expectation of privacy in their persons. *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1362 (1993).  Body searches must therefore be reasonable.  Deciding what is reasonable "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).  Courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.*

Strip searches that are not related to legitimate security needs or are designed to harass may be found unconstitutional under the Fourth Amendment or the Eighth Amendment. *Seltzer-Bey v. Delo*, 66 F.3d 961 (8th Cir. 1995) (prisoner's Fourth Amendment claim survived summary judgment where prisoner alleged that guard conducted strip searches during which he commented about prisoner's penis and buttocks, rubbed his buttocks with a nightstick, and asked him whether it reminded him of something); *Burton v. Kuchel*, 865 F.Supp. 456 (N.D.Ill. 1994) (prisoner's Fourth Amendment claim survived summary judgment where prisoner alleged that he was strip searched every day for approximately one month; court held that a finding of harassment may be justified);

-10-

*Blanks v. Smith*, 790 F.Supp. 192 (E.D.Wis. 1992) (allegations of daily strip and cell searches for two weeks stated an Eighth Amendment claim); *Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).   In the case currently before the Court, Plaintiff alleges that the strip searches are not legitimate and were undertaken in retaliation.   Given the facts alleged by Plaintiff, this claim is not subject to dismissal pursuant to § 1915A at this time.

However, Plaintiff has again failed to make allegations against defendants by showing which defendants were personally responsible for violating his constitutional rights.  Plaintiff lists all the named Defendants in the action as being responsible for violating his rights by conducting strip searches.  The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  As stated previously, the United States is immune from suit and is **DISMISSED** from the Count.  The BOP and the INS are not persons suable under *Bivens*.  Because Plaintiff has failed to name any

-11-

defendants personally responsible for conducting the illegal strip searches, Count 3 must be **DISMISSED** from the action without prejudice.

## COUNT 4

Plaintiff claims that all Defendants in the action denied him Due Process in not affording him a disciplinary hearing before he was put in segregation and before he was transferred from USP-Pollock to USP-Marion.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation

-12-

of liberty." *Id.*

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for an unspecified length in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also given a disciplinary transfer. However, this allegation does not present a viable constitutional claim, because there is no liberty interest in being transferred for disciplinary reasons. *See, e.g., Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005) (*citing Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004)) (no protected liberty interest in disciplinary transfer). Without a protected liberty interest, Plaintiff has failed to state a due process claim; the Court will not go on to evaluate the process he received.

Accordingly, Count 4 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 5

Plaintiff states that defendants United States, BOP, INS, Castline, Felts, Thomas, Hershberger, Stepp, Rau, Berklelible, Hudson, Finney, Johnson, Pittmantail, Krist, Etherton, Shadowess, and unspecified defendants, by causing prolonged detention, transfers, and searches, interfered with his access to courts. He was denied his legal property for five months. Among these materials were motions in his criminal case. Plaintiff also claims that he was denied the right to practice his religion during this same time by being served a diet that contained blood, and by being

-13-

denied religious materials and contact with religious advisers.

***Access to Courts***

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603. Although Plaintiff notes that he was unable to obtain motion in his criminal case, allegations of denial of access to courts must be more than merely conclusory. A complaint is inadequate if it

> offers no specific facts to support these allegations – no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won.

*Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990). Plaintiff has made no allegations that he missed

any court dates or that he lost a case that could have been won but for the absence of the deprived materials.  As such, Plaintiff has failed to state an access-to-courts claim.  This portion of Count 5 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

### *Exercise of Religion*

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison."  *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Amin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases).  On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests."  *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)).  Such interests include inmate security and the proper allocation of limited prison resources.  *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Amin,* 926 F.2d at 686.  Based on these standards, Plaintiff has stated a First Amendment claim that cannot be dismissed at this point in the litigation.  However, Plaintiff has again failed to name any defendants personally responsible for violating his constitutional right to practice his religion.  As a result, he has failed to state a constitutional claim against any defendants listed in the caption.  As such, this portion of Count 5 is **DISMISSED** from the action without prejudice.

### COUNT 6

Plaintiff brings this Count under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, 2671-2680.  Plaintiff claims that, *inter alia,* he was denied medical treatment for heart problems, high blood pressure, injuries resulting from a gunshot wound to the head, excessive force, illegal searches, mental and emotional distress, lost property, denial of phone and commissary privileges,

temporary depletion of family ties, humiliation, retaliation, fear, threat of death, stress, harassment,

and denied of ECODE programs.  Plaintiff claims that all of these alleged injuries are redressable

under the FTCA.

Federal Prisoners may bring suit against the United States under the Federal Tort Claims Act

("FTCA") for injuries they sustain while incarcerated.  *See Palay v. United States*, 349 F.3d 418,

425 (7th Cir. 2003).  However, they must first present the claim to the federal agency responsible for

the injury.  *Id.*  Under the act,

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the government while
> acting within the scope of his office or employment, ***unless the claimant shall have
> first presented the claim to the appropriate Federal agency and his claim shall
> have been finally denied by the agency in writing*** and sent by certified or registered
> mail.  The failure of an agency to make final disposition of a claim within six months
> after it is filed shall, at the option of the claimant any time thereafter, be deemed a
> final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  Federal prisoners bringing claims under the FTCA generally

show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating

that the inmate may seek relief in court.  Plaintiff here has made no showing of exhaustion and has

not even alleged that he has presented the claims to the agencies involved.  As such, Plaintiff has

failed to state a claim under the FTCA.  Accordingly, Count 6 is **DISMISSED** from the action

without prejudice.

## COUNT 7

Plaintiff brings the last four counts of the complaint on behalf of his mother, Mrs. Gholson,

who Plaintiff alleges was injured as a result of her belief that Plaintiff was being deported.  For the

time being, the Court will ignore the fact that Mrs. Gholson, who is listed as a Plaintiff in the action,

-16-

has signed no documents in the case and has made no effort to pay a filing fee in the action, making her status as a Plaintiff questionable. However, because all the claims brought on her behalf are frivolous and without merit, the Court will merely dismiss them from the complaint.

Plaintiff, Jimmie Gholson, alleges that Defendants deprived his mother, Mrs. Gholson of equal protection of the laws. As best the Court can tell, Plaintiff is attempting to argue that Mrs. Gholson, a disabled person, was caused constitutional injury by Defendants when she believed that Plaintiff was going to be deported.

To state an equal protection claim, a Plaintiff must show that she is a member of a suspect class and that she was treated differently from other similarly situated individuals based on the characteristic that renders her a member of the class. If Plaintiff is attempting to show that Mrs. Gholson's physical disability is that characteristic (and the Court believes that he is), he must show that the Defendants treated her differently than other individuals *because of her disability*. Plaintiff has not alleged that prison officials knew that Mrs. Gholson was disabled, or that any of the officials treated her differently because of it. In fact, Plaintiff has not even alleged that Defendants had any contact with her at all. Furthermore, Plaintiff cannot, under any set of circumstances, show that Mrs. Gholson's heart condition was the legal cause of any actions of any of the defendants. As such, Plaintiff has failed to state an equal protection claim on behalf of his mother. Accordingly, this claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 8

Plaintiff claims that Defendants violated his Mrs. Gholson's right under the Fourth Amendment to be free from illegal searches and seizures. Plaintiff argues that Mrs. Gholson has accumulated a number of medical bills as a result of her heart condition (purportedly "caused" by

-17-

Defendants), and that this monetary loss constitutes an illegal "seizure" by Defendants.

Medical bills cannot under any circumstances be considered a search or a seizure cognizable under the Fourth Amendment.  Even if it could, no money was seized by the government from Mrs. Gholson.  Accordingly, this claim is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 9

Plaintiff argues that Mrs. Gholson was denied her Fifth Amendment right under the "takings clause" by Defendants and that her due process rights were denied.  As best the Court can tell, Plaintiff is attempting to show how Mrs. Gholson's monetary loss was a "taking" by the government.

The shortcomings of this claim are evident in the text of the "takings clause" of the Fifth Amendment itself, which states, "nor shall private property be taken for public use, without just compensation."  That Mrs. Gholson had medical bills for injuries caused by a heart attack, which Plaintiff cannot show was "caused" by the government, can under no circumstances be considered a "taking" for public use.  Defendants did not "take" anything from Mrs. Gholson, much less for "public use."  As such, Plaintiff has failed to state a claim under the "takings clause."

Plaintiff also appears to state that Mrs. Gholson did not receive due process required by the Fifth Amendment in the "taking" of her property.  As explained above, Plaintiff has not alleged that Defendants took anything from Mrs. Gholson that would trigger a property interest under the due process clause.  As such, Plaintiff has failed to state a due process claim.  Accordingly, Count 9 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 10

Plaintiff claims that his mother, Mrs. Gholson is entitled to damages pursuant to the FTCA, 28 U.S.C. §1346, 2671-2680, for her heart attack and resulting coma.  As noted above, a claim cannot be brought under the FTCA unless it has first been presented to the federal agency responsible for the injury.  *Id.*  Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing*** and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  Plaintiff here has made no showing of exhaustion regarding his mother's injuries and has not even alleged that he has presented the claims to the agencies involved.  As such, Plaintiff has failed to state a claim under the FTCA.  Accordingly, Count 10 is **DISMISSED** from the action without prejudice.  *See* 28 U.S.C. § 1915A.

### SUMMARY AND CONCLUSION

Plaintiff Jimmie Gholson is allowed to proceed against Defendants Pittmantail, Johnson, and Finney on Count 1 and against Defendants Lockrige, Baake, and Lyle on Count 2.  All other Counts are dismissed from the action as specified in the discussion of each count.  Because all claims against them have been dismissed, the United States of America, Bureau of Prisons, Immigration and Naturalization Service, Carl Castline, Charles Felts, Warden Stepp, A.W. Rau, A.W. Berklelible, Thomas, Hershberger, Captain Hudson, Krist, Etherton, Shadowess, and unknown parties are all **DISMISSED** as defendants in the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for

-19-

Defendants **PITTMANTAIL, JOHNSON, FINNEY, LOCKRIGE, BAAKE, LYLE**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **8** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **PITTMANTAIL, JOHNSON, FINNEY, LOCKRIGE, BAAKE, and LYLE**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **PITTMANTAIL, JOHNSON, FINNEY, LOCKRIGE, BAAKE, and LYLE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the

work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated:  August 23, 2006**

**s/ J. Phil Gilbert**
**U. S. District Judge**