IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE GHOLSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-838-JPG** |
| | ) | |
| **ALBERTO PIMENTEL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Defendants Alberto Pimentel, John J. Fenney and Darryl Lockridge are before the Court

seeking dismissal of the complaint or, alternatively, entry of summary judgment. **(Doc. 46).**

This Report and Recommendation is respectfully submitted to United States District Judge J.

Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff Jimmie Gholson, a federal prisoner incarcerated at all relevant times at the  U.S.

Penitentiary in Pollock, Louisiana, and at U.S. Penitentiary in Marion, Illinois, filed suit alleging

an array of constitutional violations and Federal Tort Claims. **(Doc. 1).**  At this juncture, only

Counts 1 and 2 remain. **(Doc. 10).**  Count 1 alleges defendants Pimentel, and Feeney, along

with co-defendant Johnson– officials at USP-Pollock– retaliated against plaintiff for exercising

his First Amendment right to free speech by speaking about a Bureau of Prisons' memorandum

regarding prison gangs.  Count 2 alleges that defendant Lockridge, along with co-defendants

Bakke and Lyle– all officials at USP-Marion– failed to provide plaintiff with adequate medical

1

care.[1]

Defendants Pimentel, Feeney and Lockridge argue:

1.      The Court lacks personal jurisdiction over defendants Pimentel and Feeney; and

2.      Plaintiff failed to exhaust administrative remedies relative to his retaliation claim (Count 1).

**(Docs. 46 and 47).**

In accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), plaintiff was notified

of the consequences of the failure to respond with affidavits to a motion for summary judgment,

and he was directed to file an answer.  **(Doc. 65).**  Plaintiff filed a "Motion for Summary

Judgment, and Response to the Defendants motion to Dismiss the Plaintiff Summary Judgment

Motion" [sic] **(Doc. 49)**, which was docketed as both a response and an independent motion (***see***

**Docs. 49 and 50**).  This Court construes the document as only a response, as plaintiff prays that

the defendants' motion be denied.  Plaintiff filed another, more lengthy, response, complete with

copies of documents relative to the exhaustion issue.  **(Doc. 55).**  Out of an abundance of fairness

and in recognition of the fact that plaintiff is proceeding pro se, both documents will be

considered.

## Applicable Legal Standards

Insofar as the defendants move to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(2), for lack of personal jurisdiction:

> To determine whether exercising personal jurisdiction is proper, a court may
> receive and weigh affidavits prior to trial on the merits.  During this preliminary
> proceeding, although the burden of proof rests on the party asserting jurisdiction,

---

[1]In accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court may want to examine sua sponte whether the apparently disparate claims are properly joined.

if the district court's decision is based on the submission of written materials the burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute. Further, the party asserting jurisdiction is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.

*Nelson by Carson v. Park Industries, Inc*., **717 F.2d 1120, 1123 (7th Cir. 1983) (internal citations omitted);** *see also RAR, Inc. v. Turner Diesel, Ltd.*, **107 F.3d 1272, 1275-1276 (7th Cir. 1997).**

Insofar as the defendants claim plaintiff has failed to exhaust administrative remedies, Federal Rule of Civil Procedure Rule 12(b) dictates that if matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as a motion for summary judgment and disposed of in accordance with Federal Rule of Civil Procedure 56, which pertains to motions for summary judgment. Therefore, the Rule 56 standard will be applied insofar as the defendants have injected additional documents to support their argument(s).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett*, **477 U.S. 317 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply

reiterate the allegations contained in the pleadings, more substantial evidence must be presented

at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the

complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife*

*Federation*, **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown

by the mere existence of "some alleged factual dispute between the parties" (*Anderson*, **477 U.S.**

**at 247**), or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, **475 U.S. 574, 586 (1986)).**"

## Personal Jurisdiction

As noted above, plaintiff bears the burden of demonstrating personal jurisdiction. *See*

*Steel Warehouse of Wisconsin, Inc. V. Leach,* **154 F.3d 712, 714 (7th Cir. 1998); *RAR, Inc. v.***

*Turner Diesel, Ltd.*, **107 F.3d 1272, 1276 (7th Cir. 1997).** Because this question is being

decided without an evidentiary hearing, plaintiff "need only make out a prima facie case of

personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* **338 F.3d 773, 782**

**(7th Cir. 2003) (** *quoting Hyatt Int'l Corp. v. Coco,* **302 F.3d 707, 713 (7th Cir. 2002)).**

> Federal Rule of Civil Procedure 4(k) provides:
>
> **(1)** Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
>
> **(A)** who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
>
> **(B)** who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or
>
> **(C)** who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or
>
> **(D)** when authorized by a statute of the United States.
>
> **(2)** If the exercise of jurisdiction is consistent with the Constitution and laws of

the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

**Fed.R.Civ.P. 4(k).** Thus, service and personal jurisdiction are intertwined with the power of the Court, which hinges on due process. ***See ISI International, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548 550-551 (7th Cir. 2001); *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).**

In *United States v. De Ortiz*, 910 F.2d 376, 381-382 (7th Cir. 1990), the Court of Appeals for the Seventh Circuit held that in federal question cases personal jurisdiction over a defendant requires: (1) that summoning the defendant into court accords with the due process clause of the Fifth Amendment; and (2) that a defendant be amenable to service of process. ***See also Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987).** The Supreme Court's last pronouncement on the subject indicates that jurisdiction in federal question cases, in the absence of a statutory provision for service, is limited by the forum state's long-arm statute. *Id.*

Relative to personal jurisdiction under Rule 4(k)(1)(A), the Illinois long-arm statute provides that any person who commits a tortious act *within Illinois*, submits to the jurisdiction of Illinois as to any cause of action arising from those acts. **735 ILCS 5/2-209(a)(2).** In addition, the Illinois statue provides for the exercise of jurisdiction on any other basis permitted under the Illinois constitution and the constitution of the United States. **735 ILCS 5/2-209(c).**

The Illinois Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." **Ill.Const. art. 1, § 2.**

In apparent accord with the *Omni Capital* decision, and in light of the paucity of Fifth

Amendment jurisprudence regarding the application of the Fifth Amendment due process clause

in situations *not* involving international defendants, this district has utilized Fourteenth

Amendment jurisprudence– the standard traditionally applied in diversity cases.[2]

Under the due process clause of the Fourteenth Amendment:

> In order for personal jurisdiction to be proper, a defendant must have purposefully established minimum contacts with the forum. The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being hailed into court there is the crucial inquiry. To establish such a reasonable anticipation the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws. Once minimum contacts have been shown to exist, a court must examine other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies traditional notions of fair play and substantial justice. In certain limited circumstances, these factors may show that a forum has such a strong interest in adjudicating a dispute that a lesser showing of minimum contacts than is normally the case may suffice for jurisdiction. To exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts that sufficiently comport with fairness and justice.

***Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,***

**230 F.3d 934, 942 -943 (7th Cir. 2000) (internal citations omitted).**

The allegations in Count 1, the retaliation claim, allege that while plaintiff was housed at

USP-Pollock, in Louisiana, defendants Pimentel and Finney retaliated against him in June 2003

---

[2]After the *Omni Capital* decision, Federal Rule of Civil Procedure 4 was amended in 1993 to permit a federal court to exercise personal jurisdiction over a defendant not reachable via any state long-arm statute. *See* **Fed.R.Civ.P. 4(k)(2).** However, the Advisory Committee Notes to the 1993 Amendments to Rule 4(k) reflect that this new nationwide contacts provision was aimed at non-residents of the United States who could not be reached via long-arm statute. The situation at bar involves defendants who are United States residents, so it is not at all apparent that the Rule 4(k) safety valve is applicable, and this Court has not found any controlling precedent for applying Rule 4(k) and the nationwide contacts analysis to this situation.

by lodging false disciplinary accusations against him, landing plaintiff in administrative segregation and ultimately resulting in his transfer to USP-Marion. (*See* **Doc. 1, pp. 6-10 and Doc. 10, pp. 4-6**). According to their affidavits, Pimentel and Finney have never worked at USP-Marion, or owned property or conducted any business in Illinois, and plaintiff was never under their authority while at USP-Marion. (**Doc. 47-3; Doc. 47-4**).

This Court finds that neither defendant Pimentel nor defendant Finney have sufficient minimum contacts with Illinois, in that there is no allegation or evidence that they have any contact with Illinois that would reasonably cause them to anticipate being haled into court in Illinois. *See Burger King Corp. v. Rudzewicz*, **471 U.S. 462, 474-475 (1985);** *Helicopteros Nacionales de Colombia, S.A. v. Hall*, **466 U.S. 408, 414-415 n. 9 (1984).** Therefore, there is insufficient evidence to establish general and specific jurisdiction. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, **338 F.3d 773, 780 and 787 (7th Cir. 2003).**

Even assuming that plaintiff has made a prima facie showing of personal jurisdiction, the Supreme Court of Illinois, in *Rollins v. Ellwood*, 565 N.E.2d 1302, 1317-1319 (1990), adopted a fiduciary shield doctrine, whereby personal jurisdiction is declined over nonresident defendants whose conduct in Illinois was performed solely in a representative capacity, not for personal benefit, even if the conduct amounts to a tort. The Supreme Court of Illinois recognized that the doctrine comported with both federal and state notions of due process. *Id.* **at 1317-1318 (citing** *Hanson v. Denckla*, **357 U.S. 235 (1958)).** It is undisputed that neither defendant resides or owns property in Illinois. (**Docs. 47-3 and 47-4**). The complaint clearly reflects that Pimentel and Finney were acting in their official capacities, with no personal benefit. Therefore, the Illinois long-arm statute cannot be used to secure personal jurisdiction over defendants Pimentel

7

and Finney, as they are not amenable to service of process.

## Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 [hereinafter, "PLRA"] provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted...." **42 U.S.C. § 1997e(a); *Massey v. Helman,* 259 F.3d 641, 645 (7ᵗʰ Cir. 2001).** The Bureau of Prisons "maintains an administrative review procedure through which inmates can present grievances regarding the conditions of their confinement, including their medical care." ***Massey,* 259 F.3d at 643.** The sequential procedure requires a grievance to be filed first with institutional staff, then it may be appealed to the warden, then to the regional director, and lastly to the Bureau of Prisons' general counsel *See* **28 C.F.R. §§ 542.13 542.15.**

The defendants contend plaintiff failed to complete the four-step exhaustion process relative to his retaliation claim, Count 1. In support of their motion, defendants offer the declaration of Amy J. Standefer, a Bureau of Prisons attorney, stating that a search of the Bureau's computerized records system reveals that plaintiff never attempted to file a grievance regarding his retaliation claim. **(Doc. 47-2, ¶ 8; Doc. 47-2, pp. 17-19).**

Plaintiff asserts that he exhausted all administrative remedies. **(Doc. 49).** Plaintiff submits a copy of a Federal Tort Claim form regarding the alleged retaliation, and related correspondence from the Bureau of Prisons. **(Doc. 55-2, pp. 1-4).** A Federal Tort Claim is separate and distinct from the administrative review procedures which must be exhausted to satisfy 42 U.S.C. § 1997e(a). However, plaintiff also submits copies of administrative review

forms for claim No. 322216 that pertain to alleged illegal, prolonged segregation, detention and

transfer due to retaliation and discrimination.  **(Doc. 55-2, pp. 8-9; Doc. 55-3, pp. 1-5).**

Plaintiff's documentation and the computer print-out provided by the defendants indicate that the

claim was presented at every required level of the administrative review process.  **(Doc. 55-3,**

**pp. 1-5; Doc. 47-2, p. 18).**  Therefore, it appears that plaintiff has exhausted administrative

remedies relative to Count 1, the retaliation claim; at a minimum, it can be said the defendants

have not sustained their burden of proving otherwise.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that:

1.    The docket shall reflect that plaintiff's "Motion for Summary Judgment, and Response to the Defendants Motion to Dismiss the Plaintiff Summary Judgment Motion" [sic] **(Docs. 49 and 50)** is construed solely as a response, not as a motion; and

2.    Defendants Pimentel, Feeney and Lockridge's motion to dismiss or alternatively for summary judgment **(Doc. 46)** should be granted in part and denied in part as follows:

    A.    Defendants' motion to dismiss all claims (Count 1) against defendants Pimentel and Feeney due to lack of personal jurisdiction should be granted, and their dismissal should be without prejudice; and

    B.    Defendants Pimentel and Feeney's motion for summary judgment relative to plaintiff's retaliation claims in Count 1 for failure to exhaust administrative remedies before filing this action should be denied.

If the District Court adopts this Report and Recommendation, Count 1, the retaliation claim,

would proceed against defendant Johnson, and Count 2 the medical claim, would proceed against

defendants Lockridge, Bakke and Lyle.

**DATED: March 4, 2008**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**


### Notice of Response Deadline


In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 21, 2008**.  No extensions will be granted.