IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMIE GHOLSON, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **04-838-JPG** |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 74) of Magistrate Judge Clifford J. Proud recommending that the Court grant in part and deny in part the motion to dismiss or, in the alternative, for summary judgment filed by defendants Alberto Pimentel, John J. Feeney and Darryl Lockrige[1] (Doc. 46). The Report also recommends construing the June 11, 2007, filing (Doc. 49) by plaintiff Jimmie Gholson ("Gholson") not as a motion but as a response to the defendants' motion.

**I.  Report and Recommendation Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

[1] Pimental and Feeney were misnamed in the complaint as Pittmantail and Finney.

## II. Background

The events alleged in this case began when Gholson, a prisoner in custody of the Bureau of Prisons ("BOP"), was housed in the United States Penitentiary in Pollock, Louisiana. Defendants Pimentel and Feeney worked at that facility. In Count 1, Gholson alleges that in June 2003 those defendants violated his First Amendment rights by retaliating against him for discussing with another inmate a BOP memorandum regarding a gang-related incident. Gholson was then transferred to an Immigration and Naturalization ("INS") facility in Oakdale, Louisiana, and than to the United States Penitentiary in Marion, Illinois, where defendant Lockrige was employed. At that facility, Gholson states he was denied medical treatment in violation of his Eighth Amendment rights (Count 2).

## III. The Report and Objection

The Report found that this Court has no personal jurisdiction over Pimentel and Feeney because their lack of minimum contacts with Illinois would render the exercise of jurisdiction over them incompatible with traditional notions of fair play and substantial justice, *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and because they are not amenable to service of process under Federal Rule of Civil Procedure 4(k)(1). The Report further found that there is evidence from which a reasonable fact-finder could conclude Gholson exhausted his administrative remedies as to Count 1. The Report therefore recommends dismissal of Count 1 against Pimentel and Feeney for lack of jurisdiction.

Gholson objects to the Report (Doc. .76), arguing that so long as Pimentel and Feeney violated a federal constitutional right and are subject to any state's jurisdiction, they should be subject to the jurisdiction of any district court. The Court reviews the matter *de novo*.

## IV. Analysis

In a federal question jurisdiction case, to establish personal jurisdiction over a defendant, a plaintiff must show that (1) the Court's exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fifth Amendment and (2) that the defendant is amenable to service of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

It is true that there has been some dispute whether the Fifth Amendment's due process clause requires a defendant to have contacts with the nation as a whole or with the specific state encompassing the district court seeking to exercise jurisdiction over him. When examining Fifth Amendment due process rights, some courts apply a relaxed version of the Fourteenth Amendment "minimum contacts" due process test announced in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and require that exercise of personal jurisdiction not offend "traditional notions of fair play and substantial justice." 4 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1068.1 (2007) (citing *Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio*, 870 F. Supp. 1102 (S.D. Ga. 1994)). Other courts have only required sufficient minimum contacts with the United States as a whole to satisfy Fifth Amendment due process, leaving the adequacy of contacts with the particular forum state to be addressed as a venue or transfer question. *See United Rope Distribs., Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir. 1991); *ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548, 551 (7th Cir. 2001). In this case, resolution of the exact scope of Fifth Amendment due process rights is not necessary because Pimentel and Feeney are clearly not amenable to service of process under Federal Rule of Civil Procedure 4(k).

Federal Rule of Civil Procedure 4(k) governs whether a defendant is amenable to service

of process by a federal court. Rule 4(k) states:

> **(k) Territorial Limits of Effective Service.**
> (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
> > (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> > (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
> > (C) when authorized by a federal statute.
> (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> > (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> > (B) exercising jurisdiction is consistent with the United States Constitution and laws.[2]

In this case, the only two possible sources for service authority are Rule 4(k)(1)(A) and Rule 4(k)(2).

---

[2] In 2004, when this case began, Rule 4(k) read:

> **(k) Territorial Limits of Effective Service**
> (1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
> > (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
> > (B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or
> > (C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or
> > (D) when authorized by a statute of the United States.
> (2) If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

The 2007 revisions to Rule 4(k) were not intended to substantively change the rule.

Under Rule 4(k)(1)(A), a defendant is amenable to service of process issued by this Court if he is subject to the jurisdiction of Illinois courts. Illinois courts have personal jurisdiction over a defendant if (1) Illinois law grants personal jurisdiction, and (2) the exercise of personal jurisdiction would be constitutional under the Illinois and United States constitutions. *RAR, Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). The first requirement is subsumed by the second because Illinois' long-arm statute authorizes personal jurisdiction to the maximum extent permitted by the United States and Illinois constitutions. 735 ILCS 5/2-209(c); *RAR*, 107 F.3d at 1276; *Kostal v. Pinkus Dermatopathology Lab., P.C.*, 827 N.E.2d 1031, 1036 (Ill. App. Ct. 2005).

To determine whether the exercise of personal jurisdiction is permitted by the United States Constitution, the Court asks whether sufficient minimum contacts exist between the nonresident defendant and the forum state so that maintenance of the suit against the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Report has adequately describes the lack of any evidence of substantial contacts between defendants Pimentel and Feeney and the state of Illinois. Absent sufficient minimum contacts with Illinois, Pimentel and Feeney are not subject to the jurisdiction of Illinois courts, and Rule (k)(1)(A) does not authorize service of process.

Under Rule 4(k)(2), a defendant is amenable to service of process by a federal court in a case based on a federal question if he is not subject to the personal jurisdiction in any state court of general jurisdiction and if exercising personal jurisdiction would not offend the United States Constitution or federal law. A defendant can establish he is not amenable to service under Rule 4(k)(2) by naming another state where the suit could proceed, which would amount to consent to

personal jurisdiction there. *ISI*, 256 F.3d at 551. If a defendant names a state, it is then the plaintiff's burden to show that the defendant is not, indeed, subject to the jurisdiction of the named state's courts. Here, Pimentel and Feeney are subject to the personal jurisdiction of the state of Louisiana, where they work. Thus, they are not amenable to service of process under Rule 4(k)(2).

For these reasons, the Court will adopt the Report as it relates to the recommended disposition of Pimentel's and Feeney's motion to dismiss Count 1 for lack of personal jurisdiction.

The Court reviews the remainder of the Report for clear error. In light of the Court's ruling that it does not have jurisdiction over Pimentel and Feeney, their motion for summary judgment need not be denied; it is rendered moot. The remainder of the Report is not clearly erroneous and will be adopted.

## V. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 74) as **MODIFIED** by this order;

- **DENIES as moot** Gholson's motion for summary judgment (Doc. 49) and construes it as a response to the defendants' motion to dismiss or, in the alternative, for summary judgment;

- **GRANTS in part and DENIES in part** the motion to dismiss or, in the alternative, for summary judgment filed by defendants Pimentel, Feeney and Lockrige (Doc. 46). The motion is **GRANTED** to the extent it seeks dismissal of Count 1 against defendants Pimentel and Feeney for lack of personal jurisdiction; Count 1 against those defendants is **DISMISSED for lack of personal jurisdiction** and those defendants are terminated from this case. The remainder of the motion is **DENIED as moot** in light of the dismissal of Pimentel and Feeney; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Count 1 remains pending against defendant Johnson. Count 2 remains pending against defendants Lockrige, Baake and Lyle.

**IT IS SO ORDERED.**
**DATE: July 24, 2008**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **U. S. DISTRICT JUDGE**