IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMIE GHOLSON,** | ) |
| Plaintiff, | ) |
| V. | ) Civil No. **04-838-JPG** |
| **ALBERTO PIMENTEL, et al.,** | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Defendant Percy Johnson is before the Court seeking summary judgment. **(Doc. 67).** This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff Jimmie Gholson, a federal prisoner incarcerated at all relevant times at the U.S. Penitentiary in Pollock, Louisiana, and at U.S. Penitentiary in Marion, Illinois, filed suit alleging an array of constitutional violations and Federal Tort Claims. **(Doc. 1).** At this juncture, only Count 1 remains relative to defendant Johnson.[1] **(*See* Doc. 77).** Count 1 alleges defendant

---

[1]Count 2, regarding deliberate indifference to a serious medical need remains relative to defendants Lockridge, Baake and Lyle, who are on staff at USP-Marion. (***See* Doc. 77).** Any argument that Counts 1 and 2 are improperly joined in contravention of *George v. Smith*, 507 F.3d 605 (7th Cir. Nov. 9, 2007), is overridden by the fact that the statute of limitations would preclude dismissal of the complaint at this late date. Although Rule 20 provides that a misjoined party may be "dropped," *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), notes that the dismissal of parties (and their uncommon claims)– even if done "without prejudice"– can be erroneous. "The filing of a suit stops the running of the statute of limitations, though only contingently," "if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore***, 227 F.3d at 1011.** If both Counts 1 and 2 proceed, they can be severed for trial.

Correctional Officer Johnson, while working at USP-Pollock, retaliated against plaintiff for exercising his First Amendment right to free speech by speaking about a Bureau of Prisons' memorandum regarding prison gangs.

Defendant Johnson argues that: (1) the Court lacks personal jurisdiction over him; and (2) plaintiff has failed to exhaust administrative remedies relative to Count 1, the retaliation claim. **(Docs. 67 and 68).**

In accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), plaintiff was notified of the consequences of the failure to respond with affidavits to a motion for summary judgment, and he was directed to file an answer. **(Doc. 68).** Plaintiff has not filed a response to defendant Johnson's motion, but it is worth noting that plaintiff did file multiple responses to a similar (successful) motion filed by defendants Pimentel and Feeney. **(*See* Docs. 49, 55, 76 and 77)**

### Applicable Legal Standards

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett*, **477 U.S. 317 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888 (1990)**. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson*, **477 U.S. at 247**), or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986))**."

## Personal Jurisdiction

Plaintiff bears the burden of demonstrating personal jurisdiction. *See Steel Warehouse of Wisconsin, Inc. V. Leach,* **154 F.3d 712, 714 (7th Cir. 1998);** *RAR, Inc. v. Turner Diesel, Ltd.*, **107 F.3d 1272, 1276 (7th Cir. 1997)**. Because this question is being decided without an evidentiary hearing, plaintiff "need only make out a prima facie case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* **338 F.3d 773, 782 (7th Cir. 2003) (** *quoting Hyatt Int'l Corp. v. Coco,* **302 F.3d 707, 713 (7th Cir. 2002))**.

Federal Rule of Civil Procedure 4(k) provides:

**(1)** Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
**(A)** who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
**(B)** who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or
**(C)** who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or
**(D)** when authorized by a statute of the United States.

> **(2)** If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

**Fed.R.Civ.P. 4(k).** Thus, service and personal jurisdiction are intertwined with the power of the Court, which hinges on due process. *See ISI International, Inc. v. Borden Ladner Gervais, LLP*, 256 F.3d 548 550-551 (7th Cir. 2001); *Omni Capital International v. Rudolf Wolff & Co.*, **484 U.S. 97, 104 (1987).**

In *United States v. De Ortiz*, 910 F.2d 376, 381-382 (7th Cir. 1990), the Court of Appeals for the Seventh Circuit held that in federal question cases personal jurisdiction over a defendant requires: (1) that summoning the defendant into court accords with the due process clause of the Fifth Amendment; and (2) that a defendant be amenable to service of process. *See also Omni Capital International v. Rudolf Wolff & Co.*, **484 U.S. 97 (1987).** The Supreme Court's last pronouncement on the subject indicates that jurisdiction in federal question cases, in the absence of a statutory provision for service, is limited by the forum state's long-arm statute. *Id.*

Relative to personal jurisdiction under Rule 4(k)(1)(A), the Illinois long-arm statute provides that any person who commits a tortious act *within Illinois*, submits to the jurisdiction of Illinois as to any cause of action arising from those acts. **735 ILCS 5/2-209(a)(2).** In addition, the Illinois statute provides for the exercise of jurisdiction on any other basis permitted under the Illinois constitution and the constitution of the United States. **735 ILCS 5/2-209(c).**

The Illinois Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." **Ill.Const. art. 1, § 2.**

4

In apparent accord with the *Omni Capital* decision, and in light of the paucity of Fifth Amendment jurisprudence regarding the application of the Fifth Amendment due process clause in situations *not* involving international defendants, this district has utilized Fourteenth Amendment jurisprudence– the standard traditionally applied in diversity cases.[2]

Under the due process clause of the Fourteenth Amendment:

> In order for personal jurisdiction to be proper, a defendant must have purposefully established minimum contacts with the forum. The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being hailed into court there is the crucial inquiry. To establish such a reasonable anticipation the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws. Once minimum contacts have been shown to exist, a court must examine other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies traditional notions of fair play and substantial justice. In certain limited circumstances, these factors may show that a forum has such a strong interest in adjudicating a dispute that a lesser showing of minimum contacts than is normally the case may suffice for jurisdiction. To exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts that sufficiently comport with fairness and justice.

***Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 942 -943 (7th Cir. 2000) (internal citations omitted).***

The allegations in Count 1, the retaliation claim, allege that while plaintiff was housed at

---

[2] After the *Omni Capital* decision, Federal Rule of Civil Procedure 4 was amended in 1993 to permit a federal court to exercise personal jurisdiction over a defendant not reachable via any state long-arm statute. **See Fed.R.Civ.P. 4(k)(2).** However, the Advisory Committee Notes to the 1993 Amendments to Rule 4(k) reflect that this new nationwide contacts provision was aimed at non-residents of the United States who could not be reached via long-arm statute. The situation at bar involves defendants who are United States residents, so it is not at all apparent that the Rule 4(k) safety valve is applicable, and this Court has not found any controlling precedent for applying Rule 4(k) and the nationwide contacts analysis to this situation.

USP-Pollock, in Louisiana, defendant Johnson (and defendants Pimentel and Finney) retaliated against him in June 2003 by lodging false disciplinary accusations against him, landing plaintiff in administrative segregation and ultimately resulting in his transfer to USP-Marion. **(*See* Doc. 1, pp. 6-10 and Doc. 10, pp. 4-6).**

According to Johnson's affidavit, he never worked at USP-Marion, or had bank accounts, or owned property, or conducted any business in Illinois, and plaintiff was never under his authority while at USP-Marion. **(Doc. 68-2).**

This Court finds that defendant Johnson did <u>not</u> have sufficient minimum contacts with Illinois, in that there is no allegation or evidence that Johnson had any contact with Illinois that would reasonably cause him to anticipate being haled into court in Illinois. *See Burger King Corp. v. Rudzewicz*, **471 U.S. 462, 474-475 (1985);** *Helicopteros Nacionales de Columbia, S.A. v. Hall*, **466 U.S. 408, 414-415 n. 9 (1984).** Therefore, there is insufficient evidence to establish general and specific jurisdiction. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, **338 F.3d 773, 780 and 787 (7th Cir. 2003).**

Even assuming that plaintiff has made a prima facie showing of personal jurisdiction, the Supreme Court of Illinois, in *Rollins v. Ellwood*, 565 N.E.2d 1302, 1317-1319 (1990), adopted a fiduciary shield doctrine, whereby personal jurisdiction is declined over nonresident defendants whose conduct in Illinois was performed solely in a representative capacity, not for personal benefit, even if the conduct amounts to a tort. The Supreme Court of Illinois recognized that the doctrine comported with both federal and state notions of due process. *Id.* at 1317-1318 (citing *Hanson v. Denckla*, **357 U.S. 235 (1958)).** It is undisputed that defendant Johnson does not reside or own property in Illinois. The complaint clearly reflects that Johnson was acting in his

6

official capacity, with no personal benefit. Therefore, the Illinois long-arm statute cannot be used to secure personal jurisdiction over defendant Johnson, as he is not amenable to service of process.

## Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 [hereinafter, "PLRA"] provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted...." **42 U.S.C. § 1997e(a);** *Massey v. Helman,* **259 F.3d 641, 645 (7th Cir. 2001).** The Bureau of Prisons "maintains an administrative review procedure through which inmates can present grievances regarding the conditions of their confinement, including their medical care." *Massey,* **259 F.3d at 643.** The sequential procedure requires a grievance to be filed first with institutional staff, then it may be appealed to the warden, then to the regional director, and lastly to the Bureau of Prisons' general counsel *See* **28 C.F.R. §§ 542.13 542.15.**

The sworn declaration of Amy J. Standefer, a Bureau of Prisons attorney, indicates that the Bureau's computerized system for tracking inmate records reveals that plaintiff failed to initiate, let alone complete, the four-step exhaustion process relative to the June 2003 retaliatory acts alleged in Count 1. (*See* **Doc. 68-3, pp. 17-19**).

Nevertheless, there is evidence in the record reflecting that plaintiff filed administrative review forms for claim No. 322216 that pertain to alleged illegal, prolonged segregation, detention and transfer due to retaliation and discrimination. **(Doc. 55-3, pp. 1-5)** This documentation and the computer print-out **(Doc. 68-3, pp. 17-19)**, establish that plaintiff has

exhausted administrative remedies relative to Count 1. No objection was ever lodged as to the Court's previous report and recommendation regarding this same conclusion.

Recently, in *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit re-emphasized that the exhaustion issue must be resolved before discovery may proceed. The appellate court stated:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

**Pavey**, 528 F.3d at 497-498.

Of course, in accordance with Federal Rule of Civil Procedure 78, the Court may determine motions upon written statements of support and opposition, without holding a hearing. In this instance, a hearing does not appear necessary, as the parties have had an opportunity to fully brief their positions regarding exhaustion. Therefore, it appears that an evidentiary hearing is not necessary. If the Court does not agree that there is insufficient personal jurisdiction over defendant Johnson and the question of exhaustion must be determined, the Court can re-refer this issue for an evidentiary hearing, if necessary.

8

**<u>Recommendation</u>**

For the aforestated reasons, defendant Johnson's motion for summary judgment **(Doc. 67)** should be granted in that the Court lacks personal jurisdiction over defendant Johnson. As a result, Count 1 would be dismissed in its entirety, leaving Count 2 against defendants Lockridge, Baake and Lyle to proceed to trial.

In the event that recommendation is not adopted, this Court would further recommend that the Court find that plaintiff did exhaust administrative remedies relative to Count 1, in which case Count 1 would proceed against defendant Johnson. And, as noted above, Count 2 remains against defendants Lockridge, Baake and Lyle

**DATED: July 30, 2008**

                **s/ Clifford J. Proud**
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**

**<u>Notice of Response Deadline</u>**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 16, 2008**.