IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE GHOLSON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **04-838-JPG** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is what the Court construes as a motion to compel the defendants to turnover: (1) a copy of a videotape of F-Unit/D-Range from January 5, 2004, at 6:20 a.m.; and (2) photos of plaintiff's injury taken by Lt. Lockridge. **(Doc. 115).** By separate order dated May 20, 2009, the Court denied a similar motion. **(*See* Doc. 114).**

The defendants previously indicated that they sent plaintiff copies of the photos of his injuries (albeit in the form of color photo copies). Plaintiff has acknowledged receipt of the photos, he simply does not approve of the format. The Court finds plain paper copies to be acceptable; traditional photographic prints need not be provided. Plaintiff's allegations of manipulation are mere speculation.

With respect to the videotape, the defendants explain that they objected to that specific discovery request, citing security concerns. Plaintiff counters that at the relevant time USP-Marion was a "supermax" facility, but it is now a medium security facility and plaintiff is no longer housed there, so defendants' security concerns have evaporated. Plaintiff's point is well taken, but surveillance techniques, whether utilized at USP-Marion or the new "supermax"

facility where plaintiff is housed, are carefully guarded secrets. In any event, plaintiff's need for the tape is actually tangential to the issue in the case.

Plaintiff states that he needs the tape to show that physician's assistant Burger was not on the range and did not treat plaintiff on the range after plaintiff was in an altercation. Burger is not a defendant himself, but defendant Lockridge contends Burger was nearby when the altercation occurred and asked the inmates if anyone was injured, and he, Lockridge, deferred to Burger, who was a medical professional. Plaintiff's sworn deposition testimony indicates that Burger was on the range, and plaintiff generally indicated to Burger and Lockridge that he was ok, so the Court finds plaintiff's present assertion disingenuous. In any event, for purposes of the pending motions for summary judgment, the Court will view the evidence in the light most favorable to plaintiff and will consider his sworn deposition testimony, which places Burger at the scene. More to the point, the tape is not relevant to the actual issue in the case, which is whether Lockridge was deliberately indifferent to a serious medial need. Therefore, the Court will not compel production of the tape.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 115)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED:  June 2, 2009   s/ Clifford J. Proud
　　　　　　　　　　　　　　　　　　CLIFFORD J. PROUD
　　　　　　　　　　　　　　　　　　U. S. MAGISTRATE JUDGE