IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE GHOLSON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No.  **04-838-JPG** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion for reconsideration of the Court's orders dated May 20, 2009, and June 2, 2009, **(Docs. 114 and 116)**, denying plaintiff's motions to compel the turnover of a January 5, 2004, videotape of F-Unit/D-Range.  **(Doc. 126).**  Plaintiff argues that the tape will rebut testimony that he was not given any medication, aid or assessment, and will prove that no one measured the knot on his head.  The defendants counter that the videotape is not relevant to plaintiff's claims regarding medical care because it only depicts the underlying assault, which is not in dispute.  **(Doc. 127).**

The Court previously noted that surveillance techniques, whether utilized at USP-Marion or the new "supermax" facility where plaintiff is housed, are carefully guarded secrets.  The tape was also deemed tangential to the issue in the case.

Plaintiff now reiterates that he needs the tape to show that physician's assistant Burger <u>was not</u> on the range and did not treat plaintiff on the range after plaintiff was in an altercation. Plaintiff has not offered any new argument that was not addressed by the Court's previous order. Burger is not a defendant himself, but defendant Lockridge contends Burger was nearby when

the altercation occurred and asked the inmates if anyone was injured, and he, Lockridge,

deferred to Burger, who was a medical professional.  Plaintiff's sworn deposition testimony

indicates that Burger <u>was</u> on the range, and plaintiff generally indicated to Burger and Lockridge

that he was ok, so plaintiff's argument is not well taken.

Insofar as plaintiff again contends that the videotape will show that no one actually

measured the knot on his head, plaintiff has been given still photographs of his injuries, from

which the size may be assessed and compared with purported measurements of the knot.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration of the

Court's previous orders denying him access to the January 5, 2004, videotape **(Doc. 126)** is

**DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:  October 6, 2009**               <u>s/ Clifford J. Proud</u>
                                          **CLIFFORD J. PROUD**
                                          **U. S. MAGISTRATE JUDGE**